OPINION *Page 2 
{¶ 1} On August 11, 2004, the Richland County Grand Jury indicted appellee, Ross Waldbauer, on one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04. Said charge arose from appellee having consensual sexual intercourse with a fourteen year old girl. Appellee was twenty years old.
 {¶ 2} On November 30, 2004, appellee pled guilty as charged. By sentencing entry filed January 28, 2005, the trial court sentenced appellant to sixteen months in prison, suspended in lieu of three years of community control. The entry included a paragraph notifying appellee the sentence included five years of post-release control.
 {¶ 3} On July 6, 2006, appellee was returned for probation violations. Appellee pled guilty to three violations. By journal entry filed same date, the trial court sentenced appellee to thirty days in jail. The remainder of appellee's sixteen month sentence was suspended in lieu of zero tolerance for further violations. Again, the entry included the paragraph on post-release control.
 {¶ 4} On August 31, 2006, appellee again was returned for probation violations. Appellee pled guilty to two violations. By journal entry filed same date, the trial court imposed the remainder of the sixteen month sentence. Again, the entry included the paragraph on post-release control.
 {¶ 5} Prior to appellee's release from prison, the trial court sua sponte filed an amended journal entry on May 29, 2007, removing the five years of post-release control from appellee's sentence.
 {¶ 6} Appellant, the state of Ohio, filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows: *Page 3 
 I {¶ 7} "THE TRIAL COURT ACTED CONTRARY TO LAW WHEN IT IMPROPERLY MODIFIED THE DEFENDANT-APPELLEE'S SENTENCE BY REMOVING THE MANDATORY TERM OF FIVE YEARS POST RELEASE CONTROL."
 I {¶ 8} Appellant claims the trial court erred in removing the mandatory term of five years of post-release control. We agree.
 {¶ 9} R.C. 2967.28 governs post release control. Subsection (B) states the following in pertinent part:
 {¶ 10} "Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment."
 {¶ 11} Subsection (B)(1) states the period of mandatory post-release control shall be five years for a felony of the first degree or for a felony sex offense. Appellee was convicted of unlawful sexual conduct with a minor, a felony in the fourth degree, but a felony sex offense.
 {¶ 12} In order to correct post-release supervision, R.C. 2929.191(C) mandates the following in pertinent part: *Page 4 
 {¶ 13} "On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible."
 {¶ 14} In its original sentencing entry filed January 28, 2005, the trial court included the following:
 {¶ 15} "This sentence includes up to 5 years post release control (PRC). Violation of PRC could result in additional prison time up to 50% of this sentence. If the violation is a new felony, the defendant could receive a new prison term in this case of the greater of one year or the time remaining on the post-release control."
 {¶ 16} This identical paragraph was included in the trial court's July 6, and August 31, 2006 journal entries on community control violations.
 {¶ 17} In its May 29, 2007 amended community control violation journal entry, the trial court sua sponte changed the 5 years of post-release control to 0 years. Under the requisite provisions of the felony sentencing scheme, the 5 years of post-release control *Page 5 
included in the original sentence was mandatory. The trial court was without authority to suspend or negate the original mandatory sentence.
 {¶ 18} Upon review, we conclude the trial court erred in deleting the 5 years of post-release control as contained in the May 29, 2007 amended journal entry and therefore the amended journal entry is vacated. We find the journal entries of January 28, 2005, July 6, and August 31, 2006 to be the valid sentencing entries.
 {¶ 19} The sole assignment of error is granted.
 {¶ 20} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby vacated.
 Farmer, J. Hoffman, P.J., and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is vacated. Costs to appellant. *Page 1